ERNEST A. GOODWIN,

Treasurer of the City of Biddeford,

*vs.*

HASSAN NEDJIP, et als.

York.   Opinion August 30, 1918.

</div>

*Action of debt.   Rule as to breach-of victualer's bond where obligors have been guilty of the sale of intoxicating liquors.   Rule as to whether the provisions of such bond apply to a certain locality or shall be treated generally.*

Action of debt upon a victualer's bond.

*Held:*

1. The permission to conduct an inn is not granted to all who may apply for a license; it is not a right to be exercised by one at will, but a privilege to be exercised when granted by municipal officers. The last named officers may not at will grant such license; their duty is defined by statute, and they may issue licenses to such persons only as are of good moral character. The licensee must possess such character to be entitled to a license. To maintain such

license, he must continue to be of good moral character. If during the term of the license he engaged in the sale of intoxicating liquor in this State, then he violated his license; there was a breach of the bond for which both principal and sureties are liable.

2. If the Legislature did not intend to include territory beyond the confines of the inn, and the only purpose was to guard the integrity of the license, then the language used was wholly unnecessary, for other provisions of the statute wou d serve that purpose as effectually.

3. The words are of broader scope and can mean only that the defendant will sell no liquor anywhere in Maine during the term of his license. The bondsmen agreed to this, and all the parties are bound by the rule that when persons under no disability enter into a contract on a sufficient consideration, an action will lie for its breach. This doctrine is applicable to bonds equally with other contracts.

Action of debt upon a victualer's bond. To the rulings of the presiding Justice defendant filed exceptions. Exceptions overruled.

Case stated in opinion.

*Leroy Haley*, for plaintiff.

*Clarence Webber, and Robert B. Seidel*, for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

HANSON, J. Action of debt upon a victualer's bond, before the court upon the following bill of exceptions:

"This was an action of debt upon a victualer's bond for which provision is made in Chapter 31, Section 2, of the Revised Statutes. The defendants appeared severally and jointly craved oyer of the declaration and the conditions of the bond. The conditions of the bond were recited in defendants' plea, thereupon defendants pleaded performance of such conditions. The plaintiff replied assigning as a breach of such conditions that the principal in the bond had been convicted of the offense of a single sale of intoxicating liquor subsequent to the date of the bond and prior to the date of the writ. Defendants rejoined as follows:

"The said defendants, as to the said replication to their said plea, say that he, the said Hassan Nedjip, has not at any time since the execution of the writing obligatory declared on in the plaintiff's writ, violated any law of this State relating to intoxicating liquors in, about or around the premises mentioned in said writing obligatory, or any of the appurtenances thereof, and this they are ready to verify."

"To which rejoinder plaintiff demurred and the demurrer was joined by defendants. The presiding Justice sustained the demurrer to which ruling the said defendants except and pray that their exceptions may be allowed."

The condition of the bond is that "whereas the above bounded Hassan Nedjip has been duly licensed as a common victualer at No. 1 Main Street within said City (Biddeford) until the day succeeding the first Monday of May next; now if in all respects he shall conform to the provisions of law relating to the business for which he is licensed, and to the rules and regulations as provided by the licensing board in reference thereto, and shall not violate any law of the State relating to intoxicating liquors, then this obligation shall be void, otherwise shall remain in full force."

The contention here is over the following clause in the condition of the bond, "and shall not violate any law of the State relating to intoxicating liquors", and but one question is raised: Does the bond apply to the place licensed, only? The defendants claim that such clause is to be interpreted as meaning "in, about or around the premises licensed," and cite and rely upon *Clements* v. *Smith*, 129 App. Div. 859, N. Y., Sup. 55, where action was brought against the principal and the Federal Surety Company under a bond issued by the latter under the provisions of the liquor tax law. The bond was in the usual form, and, after reciting the purpose and location of the business, provides "that if the said liquor tax certificate applied for is given unto the said principal, and the said principal will not,while the business for which such liquor tax certificate is given shall be carried on, suffer or permit any gambling to be done *in the place* designated by the liquor tax certificate in which the *traffic in liquors is to be carried on,* or in any yard, booth, garden or any other place appertaining thereto or connected therewith, or suffer or permit such premises to become disorderly, and will not violate any of the provisions of the liquor tax law, then the above obligation to be void; otherwise to remain in full force and virtue." The trial court directed a verdict for the defendant, and the decision of the appellate court sustained the action of the lower court, upon the ground "that any other ruling would tend to defeat the very purpose of the liquor tax law as a revenue measure by making it practically impossible for any man to get sureties. The bond clearly related and was confined in its operations to the premises for which the liquor tax certificate was

issued. This was the fair contract of the surety company. It undertook to guarantee that as to the premises which were to be licensed for the traffic, there should be no gambling and no disorderly conduct, and generally that there should be no *violations of the conditions of the license.*"

We have stated enough of that opinion to demonstrate that the cases are not similar in fact or principle. The difference in the wording of the bond, and the decided difference in public policy, in the two jurisdictions, touching sources of state revenue, makes clear the distinction drawn by us, that while that ruling has the support of the case quoted, we cannot so hold it to be the law governing the case at bar. We are in agreement with the finding that the clause in the bond in that case which reads, "and will not violate any of the provisions of the liquor tax law," was one of the conditions of the license, and a *condition* of the bond. So we must hold here. The like clause in the bond in suit was one of the conditions of the bond, and was violated by the defendant by the sale of intoxicating liquor at another place within the State. The permission to conduct an inn is not granted to all who may apply for a license; it is not a right to be exercised by one at will, but a privilege to be exercised when granted by municipal officers. The last named officers may not at will grant such license, their duty is defined by statute, and they may issue licenses to such persons only as are of good moral character. The licensee must possess such character to be entitled to a license. To maintain such license he must continue to be of good moral character. If during the term of the license he engaged in the sale of intoxicating liquor in this State, then he violated his license, there was a breach of the bond for which both principal and sureties are liable. Our conclusion proceeds from different premises; not revenue, but the safety and security of the public. Good moral character is a prerequisite; the defendant could receive no license without it. He must be presumed to have been of good moral character at the date of the bond. In any event the condition of the bond relating to intoxicating liquors was known to the sureties as it was to the principal. It was in the bond, and related to the contract he was making with the public, that during the period of his license he would conform to the law relating to the business of an innholder, and to the rules and regulations as provided by the licensing board in reference thereto; *and* "shall not violate any law of the State relating to intoxicating liquors."

If the legislature did not intend to include territory beyond the confines of the inn, and the only purpose was to guard the integrity of the license, then the language used was wholly unnecessary, for other provisions of the statute would serve that purpose as effectually. We cannot read into the bond in suit the words written in *Clement* v. *Smith*, supra, and say that the bond related to the inn alone. The words are of broader scope and can mean only that the defendant will sell no liquor anywhere in Maine during the term of his license. The bondsmen agreed to this, and all the parties are bound by the rule that when persons under no disability enter into a contract on a sufficient consideration, an action will lie for its breach. This doctrine is applicable to bonds equally with other contracts. 4 R. C. L., 55; *Carey* v. *McKay*, 82 Maine, 516. See *Dexter* v. *Blackden*, 93 Maine, 473.

The entry will be, exceptions overruled. In accordance with the stipulation in the exceptions,

*Judgment for the plaintiff for fifty dollars.*